IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

MICHELLE T. HENDERSON,

    Plaintiff,

v.                                                                         CASE NO. 1:14-cv-00077-MP-CAS

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

    Defendant.

_____/

**O R D E R**

This cause comes on for consideration upon the Magistrate Judge's Report and Recommendation dated October 22, 2014. (Doc. 14). The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). Plaintiff has filed objections at doc. 15, and Defendant has filed a response at doc. 16. I have made a de novo review based on Plaintiff's objections and Defendant's response.

Having considered the Report and Recommendation, and the timely filed objections and response, I have determined that the Report and Recommendation should be adopted. The undersigned writes separately to address several issues presented by Plaintiff's objections and highlighted by Defendant's response.

In her response, Defendant argues that rather than properly objecting to the contents of the Magistrate Judge's Report and Recommendation, Plaintiff's objections raise three new arguments that were never briefed before the Magistrate Judge. Specifically, she argues that Plaintiff's objections consist of the following three "new" arguments: (1) some evidence,

particularly Plaintiff's obesity and specific medical reports of Jesse A. Lipnick, M.D., support Plaintiff's complaints of pain; (2) the administrative law judge ["ALJ"] failed to properly comply with the Eleventh Circuit's standard for evaluating the credibility of a claimant's subjective complaints of pain; and (3) the ALJ failed to "fully and fairly develop the record by inquiring into Dr. Lipnick's opinions regarding Plaintiff's residual functional capacity." *See* Doc. 15 at 2–5; Doc. 16 at 3.

The Court agrees with Defendant that these three arguments appear to constitute the entirety of Plaintiff's instant objections. However, with regard to the first two "new" arguments, the Court finds that these issues were sufficiently addressed by the Report and Recommendation. Concerning the first argument, in her objections, Plaintiff makes vague references to both her alleged obesity and Dr. Lipnick's medical records. *See* Doc. 15 at 2–4. Plaintiff made similar vague references to these factors in her initial brief to the Magistrate Judge, ultimately posturing in both pleadings that, based on these factors, no reasonable person could find Plaintiff capable of performing the type of work described in the ALJ's findings. *Compare* Doc. 15 at 2–4, *with* Doc. 12 at 16–17, 23. Similarly, Plaintiff's discussion in her objections of the Eleventh Circuit's credibility standard is an almost verbatim recitation of her discussion of the matter in her initial brief. *Compare* Doc. 15 at 4, *with* Doc. 12 at 23. Although Plaintiff's arguments with regard to these factors are not fully developed and/or articulated in either pleading, the factors go toward whether the ALJ properly discounted the credibility of Plaintiff's subjective complaints of pain, an issue that was thoroughly discussed by the Magistrate Judge in his Report and Recommendation. The Magistrate Judge found that substantial evidence supports the ALJ's findings. *See* Doc. 14 at 10–19. The Court finds that Plaintiff's arguments based on these factors were sufficiently addressed by the Magistrate Judge and, for the reasons stated in the

Report and Recommendation, they are wholly without merit.

However, with regard to Plaintiff's request that this matter be remanded with instructions for the Commissioner "to fully and fairly develop the record by inquiring into Dr. Lipnick's opinions regarding Plaintiff's residual functional capacity" ["RFC"], the Court agrees with Defendant that this is a new argument that was not briefed before or otherwise presented to the Magistrate Judge.  *See* Doc. 15 at 5.  The Eleventh Circuit has stated that "a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge."  *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009). "[R]equiring the district court to consider new arguments raised in the objections effectively would eliminate efficiencies gained through the Magistrates Act and would unfairly benefit litigants who could change their tactics after issuance of the magistrate judge's report and recommendation."  *Id.* at 1291 (explaining similar holdings from the First, Fifth, Ninth, and Tenth Circuits).  Such principles apply here.  Because Plaintiff's argument regarding development of the record was not first presented to the Magistrate Judge, this Court is not required to consider the argument.  For this reason alone, the argument should be rejected.

Alternatively, the Court finds that the argument lacks merit and can be disposed of in short measure.  An ALJ "has a basic duty to develop a full and fair record."  *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003); *Brown v. Shalala*, 44 F.3d 931, 934 (11th Cir. 1995).  In determining whether the ALJ met this duty to develop, the district court should ask "whether the record reveals evidentiary gaps which result in unfairness or 'clear prejudice.'"  *Graham v. Apfel*, 129 F.3d 1420, 1423 (11th Cir. 1997) (quoting *Brown*, 44 F.3d at 935).

In this case, Plaintiff has not proven how or provided any reason why an opinion by Dr. Lipnick regarding Plaintiff's RFC was necessary based on the record evidence.  She also has

failed to show how she was clearly prejudiced regarding the development of the record. *See Graham*, 129 F.3d at 1423 (requiring a showing of prejudice); *Brown*, 44 F.3d at 935 (same). The determination of a claimant's RFC "is a matter reserved for the ALJ's determination, and while a physician's opinion on the matter will be considered, it is not dispositive." *Denomme v. Comm'r of Soc. Sec. Admin.*, 518 F. App'x 875, 877–88 (11th Cir. 2013) (interpreting 20 C.F.R. §§ 404.1527(d)(1), 416.927(d)(1)); *see also Castle v. Colvin*, 557 F. App'x 849, 853 (11th Cir. 2014) ("[T]he pertinent regulations state that the ALJ has the responsibility for determining a claimant's RFC."). Further, even "[t]he absence of a treating or examining physician's opinion does not necessarily preclude the ALJ from making a proper RFC determination." *See Rodriguez v. Colvin*, No. 8:12-cv-1592-T-33EAJ, 2013 WL 4495173, at *8 (M.D. Fla. Aug. 20, 2013) (citing *Green v. Soc. Sec. Admin.*, 223 F. App'x 915, 923–24 (11th Cir. 2007)). For the reasons stated in the Report and Recommendation, the Court finds that ALJ's findings are supported by substantial evidence and based upon a correct application of the law. Plaintiff's new argument lacks merit, and the decision of the Commissioner must be affirmed.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Magistrate Judge's Report and Recommendation (doc. 14) is adopted and incorporated by reference in this order.

2. The decision of the Commissioner, denying benefits, is AFFIRMED.

**DONE AND ORDERED** this   *5th* day of January, 2015.

 *s/Maurice M. Paul* 
Maurice M. Paul, Senior District Judge